**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1549-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DAVID COMPANIONI, a/k/a
NEDAL IBARRA, NEDAL
NASRALLAH, and NEDAL
NASRALLAHIBARRA,

    Defendant-Appellant.

_____

Submitted October 3, 2023 – Decided November 15, 2023

Before Judges Rose and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 13-06-0114.

Joseph E. Krakora, Public Defender, attorney for appellant (Al Glimis, Designated Counsel, on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent (Mercedes Robertson, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant David Companioni appeals from a December 1, 2021 order denying his petition for post-conviction relief (PCR) following our remand to the Law Division for more specific findings of fact and conclusions of law pursuant to Rule 1:7-4 and the Strickland/Fritz standard.[1] State v. Companioni, No. A-1356-19 (App. Div. Feb. 19, 2021) (slip op. at 1, 10-12). We affirm because the PCR court's amplified decision on remand is "supported by sufficient credible evidence in the record." State v. Nash, 212 N.J. 518, 543 (2013).

We incorporate by reference the facts and procedural history summarized in our prior opinion and reiterate those that lend context to the issue renewed on this appeal:

> For his part in cultivating marijuana plants at his apartment and a warehouse, defendant was charged in a State grand jury indictment with second-degree conspiracy to distribute twenty-five pounds or more of marijuana (count one), first-degree possession with intent to distribute twenty-five pounds or more of marijuana (count two), and first-degree maintaining or

---

[1] Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (requiring a defendant seeking PCR on ineffective assistance of counsel grounds to demonstrate: (1) the particular manner in which counsel's performance was deficient; and (2) that the deficiency prejudiced defendant's right to a fair trial).

A-1549-21

operating a controlled dangerous substance (CDS) production facility (count three). Prior to trial, defendant moved to suppress evidence seized after the issuance of a communications data warrant (CDW) that authorized the placement of a GPS tracking device on his co-defendant's car. Defendant contended the GPS device was installed before the search warrant was issued. The trial judge denied defendant's suppression motion.

[(Companioni, slip op. at 1-2).]

A jury convicted defendant of first-degree maintaining or operating a CDS facility as charged in count three, and count two as amended to a second-degree offense. Id. at 2. The jury failed to reach a verdict on the remaining charge, which the trial court later dismissed on motion of the prosecutor. Ibid. After granting the State's extended term motion, the court sentenced defendant to an aggregate prison term of twenty years with a parole disqualifier of six years and eight months. Ibid. We affirmed defendant's direct appeal of his convictions, which only challenged the denial of his suppression motion.[2]

Pertinent to this appeal, just before the jury was sworn, the prosecutor stated in open court that he had just received the judgment of conviction regarding defendant's 2004 conviction for distribution of CDS within a thousand

---

[2] State v. Companioni, No. A-1402-15 (App. Div. Feb. 7, 2018), certif. denied, 234 N.J. 197 (2018).

feet of a school.  Accordingly, defendant was subject to a mandatory extended term on the State's application.  See N.J.S.A. 2C:43-6(f); see also N.J.S.A. 2C:43-7.  "In fairness . . . and in the interest of justice," the prosecutor was willing to seek authorization to "reopen the last offer that was placed on the table," i.e., in exchange for pleading guilty to count two, the State would recommend a ten-year "flat" prison term.  The State would also dismiss count three, which exposed defendant to a parole ineligibility period between one-third and one-half of the sentence imposed.  See N.J.S.A. 2C:35-4.  The prosecutor further stated if defendant were convicted after trial of a first-degree offense and the State moved for an extended term, the "minimum of ten years in state prison [would] become[] a twenty-year minimum," plus "a parole ineligibility number between one-half and one-third of the top number."

In response, trial counsel stated:

> I think a psych evaluation needs to be determined at this time.  I just talked to my client.  He's not interested in considering an offer.  Basically, the time has been doubled from a minimum of ten to twenty, and he's not considering that.  I think that . . . there's a problem with that, as his lawyer, Your Honor.  I think there's a problem with a person [who]'s not willing to consider what the difference in time is here for simply growing some marijuana, have that possibility to go to jail for twenty years.  . . . and the client doesn't even want five minutes to discuss it with me.

4

The trial court explained the ramifications of the State's renewed offer in great detail. Defendant interjected claiming "a Franks[3] hearing might be necessary" because the search warrant was not signed. The court dismissed defendant's baseless request; defendant rejected the court's invitation to discuss the plea offer further with trial counsel. Defendant made no further inquiries of the court. Notably, the same judge denied defendant's suppression motion and his ensuing PCR petition.

Defendant raised multiple claims for PCR. Companioni, slip op. at 2. Noting the overwhelming evidence adduced at trial, the PCR court denied nearly all claims without an evidentiary hearing except for defendant's assertion that he would have accepted the State's plea offer "but for his trial counsel advising him he could not appeal if he had taken the plea."

We summarized the ensuing testimony of trial counsel and defendant on this discrete issue in our prior appeal. Id. at 3-8. Relevant here, on cross-examination, defendant testified that during the pretrial status conferences, trial counsel indicated:

---

[3] Franks v. Delaware, 438 U.S. 154, 170-71 (1978) (holding a challenge to a search warrant on the grounds of warrant contamination requires defendant make a "substantial preliminary showing" that the law enforcement officer seeking the search warrant made misleading or false statements in the supporting affidavit).

an appeal was the way to go, and going forward with trial . . . is basically the way to go. In order for me to get there, it was just to go to trial and take my chances. And I also felt the way things were with the laws with marijuana that I don't think a jury is going to find me guilty of twenty years and better.

Conversely, trial counsel did not recall speaking with defendant about appealing the denial of the suppression. In response to the prosecutor's question, "So you definitely didn't tell [defendant], 'oh no, you cannot appeal,'" trial counsel responded, "Oh heck no, I didn't tell him that." Trial counsel further acknowledged he did not advise defendant, "you have to go to trial in order to appeal this motion to suppress." Rather, he testified he did not "recall having a conversation like that because it is something [he] would have remembered."

Earlier on direct examination, trial counsel testified he believed the denial of any pretrial motion could be appealed following a conviction by guilty plea. Trial counsel also stated he continuously "harp[ed]" on defendant to plead guilty in view of the weight of the evidence – including his confession – and his sentencing exposure.

Immediately after closing statements, the PCR court issued a decision from the bench finding the testimony of both witnesses "in equipoise with each other." Id. at 8-9. Concluding defendant failed to satisfy his burden of proof, the court denied PCR. Id. at 9.

6

Defendant appealed, only challenging trial counsel's effectiveness on the sole issue explored at the evidentiary hearing. Defendant maintained he rejected the State's plea offer because trial counsel rendered incorrect advice about his ability to appeal the denial of his suppression motion following a guilty plea. Ibid. We remanded for "detailed findings of fact, correlated to comprehensive conclusions of law that address[ed] all issues raised by the parties as guided by the Strickland two-part analysis." Id. at 12-13.

On remand, after considering the parties' supplemental briefs and oral argument, the PCR court issued a seventeen-page written decision and accompanying order, amplifying its prior oral decision on the issue raised at the evidentiary hearing and its prior oral decision denying all other claims for relief. In its decision, the court set forth the governing law, and expressly applied the Strickland/Fritz standard and applicable law to the prior grounds of relief raised by defendant that were not the subject of the evidentiary hearing.

Turning to the issue reprised on this appeal, the court found:

> [Defendant] claims he was never made aware that if he accepted the plea offer, he could have still appealed the denial of his motion. But there is no legal basis to back this argument nor is there any proof as to whether [defendant] ever inquired about this to trial counsel. After hearing the testimony of the witnesses at the evidentiary hearing, I found both witnesses to be credible and thus their testimony to be in equipoise.

7

> Trial counsel testified that he told [defendant] that he could appeal the court's denial of the defense's request to suppress the evidence. [Defendant] testified that he was told that he could only appeal the court's decision if he went to trial. Even if [d]efendant . . . believed that he could only appeal the suppression decision after he went to trial, this is of no moment since the evidence in the case was overwhelming. Defendant . . . testified at trial that he was growing [eighteen] marijuana plants in his home, this fact alone established that he was operating a controlled dangerous substance [production] facility.
>
> [(Footnote omitted).]

Pursuant to our instructions, the court detailed its credibility findings, noting trial counsel "was calm and never lost eye contact" during direct and cross-examination. Similarly, the court found defendant "appeared calm and composed throughout both direct and cross-examination," but noted defendant "obviously ha[d] a significant interest in the outcome of the [hearing]."

Addressing all claims raised in defendant's petition, the PCR court generally concluded defendant "failed to establish a prima facie claim of ineffective assistance of counsel," finding insufficient his "'bald assertions' and conclusory allegations." The court elaborated:

> [Defendant] had the burden to provide specific instances from the record that showed unprofessional behavior which resulted in a changed outcome at trial. It is this [c]ourt's determination that trial counsel's performance was not deficient and that there is no

8

reasonable probability that, but for trial counsel's strategic decisions, the result of the proceeding would have been different. It is the determination of this [c]ourt that trial counsel engaged in reasonable representation that in no way rose to a level of ineffective assistance of counsel.

On appeal, defendant raises a single point for our consideration:

ON REMAND, THE PCR COURT FAILED TO FOLLOW THIS COURT'S INSTRUCTION TO APPLY THE LAW TO THE FACTS OF THE CASE AND APPLIED THE WRONG LEGAL STANDARD. THE COURT BELOW THEREBY ERRED IN DENYING DEFENDANT'S PETITION FOR [PCR] SINCE DEFENDANT ESTABLISHED THAT TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO ADVISE DEFENDANT THAT HE COULD ENTER A GUILTY PLEA AND STILL APPEAL THE DENIAL OF THE MOTION TO SUPPRESS, CAUSING DEFENDANT TO NOT BE FULLY INFORMED WHEN HE REJECTED THE STATE'S PLEA OFFER AND PROCEEDED TO TRIAL.

Defendant maintains he was prejudiced by trial counsel's advice because the State's pretrial sentencing recommendation of ten years' imprisonment exposed him to substantially less prison time than the aggregate twenty-year prison sentence imposed after trial. Contending the PCR court failed to follow our remand instructions but noting "[n]o additional hearings are needed," defendant urges us to exercise original jurisdiction under Rule 2:10-5, grant PCR, and vacate his convictions and sentence.

9

The State counters the record refutes defendant's argument because the pretrial proceedings demonstrate defendant "outright refused to even discuss the plea offer with his attorney[] and independently chose to proceed to trial." Asserting the record also reflects defendant proceeded to trial "because he believed the jury would not find him guilty of a marijuana-related offense," the State further argues that even if defendant established the first Strickland/Fritz prong, he failed to demonstrate "a reasonable probability that he would have accepted the plea offer."

Well-settled principles guide our review. A defendant's right to effective assistance of counsel extends to the plea negotiation process. See Missouri v. Frye, 566 U.S. 134, 140 (2012). "If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." Lafler v. Cooper, 566 U.S. 156, 168 (2012). To meet the first prong of the Strickland /Fritz test, a defendant must identify acts or omissions by trial counsel that were not "the result of reasonable professional judgment." Strickland, 466 U.S. at 690; see Fritz, 105 N.J. at 342.

"A defendant asserting plea counsel's assistance was ineffective may meet the first prong of the Strickland standard if the defendant can show counsel's representation fell short of the prevailing standards expected of criminal defense

10

attorneys." State v. Vanness, 474 N.J. Super. 609, 624 (App. Div. 2023) (citing Padilla v. Kentucky, 559 U.S. 356, 366-67 (2010)). Accordingly, a defense attorney must not "'provide misleading, material information that results in an uninformed plea.'" State v. Gaitan, 209 N.J. 339, 353 (2012) (quoting State v. Nuñez-Valdez, 200 N.J. 129, 139-40 (2009)).

To establish prejudice under the second Strickland/Fritz prong in the context of plea negotiations, a defendant must demonstrate: "but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court"; "the court would have accepted its terms"; and "the conviction or sentence, or both, under the offer's terms would have been less severe" than those imposed after trial. Lafler, 566 U.S at 164. Relevant here, the Court in Lafler explained defendants must show they "would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances." Ibid.

We acknowledge defendant's argument that the PCR court's decision regarding his reprised challenge to trial counsel's advice was "not substantially different from its prior decision." For example, the court again found the testimony of defendant and trial counsel "in equipoise," whereas the legal standard is whether defendant satisfied both Strickland prongs. However, the

PCR court again was convinced defendant did not satisfy his burden. Because we are satisfied there exists "sufficient credible evidence in the record" to support the PCR court's finding, see Nash, 212 N.J. at 540, we discern no basis to disturb the court's decision.

The record reveals defendant refused to confer with trial counsel about the State's renewed offer notwithstanding the severity of defendant's sentencing exposure following a conviction on certain counts after trial. When addressed by the trial court, defendant confirmed he wished to proceed to trial; he neither questioned the court nor counsel about the effect of a guilty plea on his ability to appeal the denial of his suppression motion. Trial counsel's obvious frustration – evinced by his request for a psychiatric evaluation of his client in response to the State's renewed offer – corroborates counsel's testimony that he repeatedly attempted to convince defendant to plead guilty in view of the strength of the State's evidence and that he had no recollection of advising defendant he could only appeal the denial of his suppression motion following a guilty verdict after trial.[4]

---

[4] Nor are we persuaded by defendant's contention that the PCR court ignored trial counsel's incorrect belief "that the denial of any motion could be appealed after a guilty plea." In this instance, that misunderstanding of the applicable legal principles corroborates, to some extent, trial counsel's testimony that he

We conclude the PCR court implicitly found defendant failed to satisfy the first <u>Strickland</u> prong, and because the record evidence supports that finding, we discern no reason to disturb that decision. Accordingly, we need not reach the second <u>Strickland</u> prong.

For the sake of completeness, however, we agree with the State that defendant rejected the plea offer for reasons that had no bearing upon his ability to appeal his suppression motion. Indeed, defendant's testimony during the evidentiary hearing underscores he rejected the State's guilty plea because he believed the jury would not convict him of marijuana offenses. Moreover, in its oral decision, the PCR court "firmly remember[ed]" defendant "didn't want to hear any of us. He really was very, very clear that [he was] taking [the case] to trial. I think . . . he was firmly convinced that people were not going to find him guilty of something dealing with marijuana," and "everyone tried to dispel him of that." Accordingly, defendant failed to demonstrate "but for the ineffective advice of counsel there is a reasonable probability that . . . defendant would have accepted the plea." <u>See</u> <u>Lafler</u>, 566 U.S at 164.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

did not advise defendant his suppression motion could only be appealed following a conviction after trial.

A-1549-21